**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<div style="display:flex; justify-content:space-between;">
<div>

HONGLIANG ZHAO,

                 Petitioner,

v.

WILLIAM P. BARR, Attorney General,

                 Respondent.

</div>
</div>

No.  14-73441

Agency No. A201-213-371

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 4, 2020[**]
San Francisco, California

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Petitioner Hongliang Zhao, a native and citizen of China, petitions for

review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from

an Immigration Judge's ("IJ") final order of removal.  Zhao argues the BIA erred

in denying his applications for asylum, withholding of removal, and protection

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition with respect to Zhao's asylum and withholding of removal claims, and remand for further proceedings. We deny the petition with respect to his request for protection under CAT.

We review the BIA's decision in its entirety and the IJ's decision to the extent it was adopted by the BIA. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We review the agency's factual findings for substantial evidence and its legal conclusions de novo. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). Substantial evidence means the factual finding is "supported by reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003). Under this standard, we "may only reverse the agency's determination where 'the evidence compels a contrary conclusion from that adopted by the BIA.'" *Parada v. Sessions*, 902 F.3d 901, 908–09 (9th Cir. 2018) (quoting *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010)).

1. The agency's finding that Zhao did not suffer past persecution is not supported by substantial evidence. The IJ found Zhao credible, but determined that Zhao's mistreatment did not rise to the level of persecution. "We look at the totality of the circumstances in deciding whether a finding of persecution is

compelled." *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004). Zhao was beaten and kicked by the birth control authorities, resulting in injuries that required medical attention. He was then detained by the police for a week and threatened with further detention. The totality of the circumstances compels a finding that Zhao was persecuted. *See id.* Zhao's situation is distinguishable from that of the petitioner in *Gu v. Gonzales*, 454 F.3d 1014 (9th Cir. 2006), on which both the IJ and BIA relied. Unlike Gu, Zhao received medical treatment for the injuries he suffered, and was subsequently detained for a week.

Because the record compels a conclusion that Zhao was subjected to past persecution, we grant the petition with respect to the asylum application and remand for a determination of whether this persecution was "on account of" a protected ground, and if so, whether the government can rebut the presumption that Zhao has an objectively well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1).

2. The IJ also denied Zhao's application for withholding of removal, explaining that since he had failed to qualify for asylum, he necessarily "failed to satisfy the more stringent clear probability of persecution standard required for withholding of removal." The BIA affirmed this decision.

3

However, because the record compels the conclusion that Zhao experienced past persecution, he may be presumed eligible for withholding of removal if it is determined that this persecution was on account of a protected ground. *See Vitug v. Holder*, 723 F.3d 1056, 1064 (9th Cir. 2013); 8 U.S.C. § 1231(b)(3). We therefore grant Zhao's petition with regard to his withholding of removal claim and remand to the BIA to determine whether his persecution was on account of a protected ground and if so, whether the government can meet its burden of rebuttal. *See Mihalev v. Ashcroft*, 388 F.3d 722, 731 (9th Cir. 2004)

3. Although the evidence in the record compels a finding that Zhao suffered past persecution, the evidence does not demonstrate that it is more likely than not that Zhao will be tortured if returned to China. Thus, CAT relief is not appropriate. *See Ahmed v. Keisler*, 504 F.3d 1183, 1200 (9th Cir. 2007); 8 C.F.R. § 208.16(c)(2). Because substantial evidence supports the IJ's determination that Zhao is not eligible for CAT relief, we deny the petition with respect to Zhao's application for CAT relief.

**GRANTED in part, DENIED in part, and REMANDED for further proceedings.**